# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSE VANEGAS,

        Plaintiff,

v.

C. SWAIN, ET AL.

        Defendants.

Case No. CV 19-7789 SVW (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

    The Court dismisses this action without prejudice due to the failure of a pro se litigant to update his address with the Court.

\* \* \*

    1.    This is a prisoner civil rights action. At the time that he instituted this case, Plaintiff was an inmate at the federal prison facility in Victorville. The complaint alleged a Bivens cause of action against a physician's assistant at the prison. (Docket # 1.)

    2.    Magistrate Judge Wilner screened the original complaint pursuant to 28 U.S.C. § 1915(e)(2). Judge Wilner authorized service of the

1  complaint against the physician's assistant. (There was no basis for
2  allowing service of the complaint against the warden, or other parties
3  named in an "official capacity" basis.) (Docket # 5.) The screening order
4  specifically informed Plaintiff of his obligation under Local Rule 41-6 to
5  "keep the Court informed of a correct mailing address" for him or risk
6  dismissal of the action. (Docket # 5 at 4.)

7      3.    By separate order, Judge Wilner instructed the Marshals
8  Service to serve the complaint. (Docket # 6.) Proof of that service was filed
9  with the Court in March 2020. (Docket # 8-11.) The U.S. Attorney's Office
10 (Civil Division) appeared in the action for the defense shortly afterward.
11 (Docket # 12.)

12     4.    In the meantime, Plaintiff had been out of prison for several
13 months. A scheduling order that Judge Wilner issued in late March was
14 returned from the Victorville prison as undeliverable. (Docket # 14.)
15 Judge Wilner's clerk reviewed the Bureau of Prisons website and
16 determined that Plaintiff was released from custody in December 2019.
17 (Docket # 15.)

18     5.    Notably, Plaintiff failed to update his mailing address with the
19 Court following his release. Indeed, Plaintiff has not filed <u>anything</u> with
20 the Court in this action since his initial complaint. The Court and the
21 defense therefore have no way of contacting Plaintiff to advance this case.
22                                             * * *

23     6.    Rule 41(b) provides that if a plaintiff "fails to prosecute or to
24 comply with these rules or a court order, a defendant may move to dismiss
25 the action or any claim against it." Dismissal also may be ordered by the
26 Court <u>sua sponte</u>. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962).
27 Dismissal of a civil action under Rule 41 may be appropriate to advance the
28

public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

7. Additionally, Local Rule 41-6 provides in pertinent part:
A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

8. In the present action, the Court finds dismissal of the action without prejudice is appropriate. Plaintiff failed to provide the Court with up-to-date contact information following his release from prison. As a result, an order of this Court was returned as undeliverable. The magistrate judge previously ordered Plaintiff to update his address with the Court as required by Local Rule 41-6 if he was released from custody. Plaintiff's failure to do so demonstrates that he has no interest in advancing the action here.

9. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to update this

Court with his current whereabouts, thereby preventing any feasible advancement of the case. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Local Rules or the Court's previous order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6.

10. Therefore, the present action is DISMISSED without prejudice under Federal Rule of Civil Procedure 41 and the parallel local rule.

IT IS SO ORDERED.

Dated: April 16, 2020

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE